IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| MATTHEW COOPER and | : | |
| MARY COOPER, jointly as Guardians | : | |
| and next friends of C.C., | : | |
| | : | |
| *Plaintiffs,* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 18-cv-02611-MSK-STV |
| INSTANT BRANDS INC., | : | |
| f/k/a DOUBLE INSIGHT, INC., | : | |
| d/b/a INSTANT POT COMPANY, | : | |
| GUANGDONG MIDEA CONSUMER | : | |
| ELECTRIC MANUFACTURING CO LTD., | : | |
| AMAZON.COM, INC., | : | |
| AMAZON.COM LLC, | : | |
| AMAZON SERVICES LLC, | : | |
| AMAZON SERVICES COLORADO LLC, | : | |
| and | : | |
| AMAZON.COM SERVICES, INC., | : | |
| | : | |
| *Defendants.* | : | |

## DEFENDANT INSTANT BRANDS INC.'S ANSWER TO
## PLAINTIFFS' (CORRECTED) SECOND AMENDED COMPLAINT

Defendant, Instant Brands Inc., ("defendant"), by and through its counsel, Ward Greenberg

Heller & Reidy, LLP, hereby answers plaintiffs' Second Amended Complaint as follows:

### PARTIES

1.     After reasonable investigation, defendant is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

2.     After reasonable investigation, defendant is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

3.     After reasonable investigation, defendant is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

4.      After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

5.      After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

6.      After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

7.      Admitted in part and denied in part.  Defendant's offices are located at 495 March Road, Suite 200, Kanata Ontario K2K 3G1.  All other allegations in this paragraph are admitted.

8.      Denied as stated.  "Instant Pot" is a registered trademark and trade name owned by Instant Brands Inc.

9.      Admitted.

10.      Denied as stated.  "Instant Pot" is a registered trademark and trade name owned by Instant Brands Inc.

11.      Admitted.

12.      Denied as stated.  "Instant Pot" is a registered trademark and trade name owned by Instant Brands Inc.

13.      Denied.

14.      Denied.

15.      Admitted in part and denied in part.  Instant Brands Inc. is engaged in the importing, marketing, distributing, and selling Instant Pot branded pressure cookers, including Model DOU60 V2.  After reasonable investigation and without further confirmation, defendant is without knowledge or information sufficient to form a belief as to the allegations relating to the specific

product at issue in this civil action.  To the extent inconsistent with the above, the remaining allegations in this paragraph are denied.

16.     Admitted in part and denied in part.  Instant Brands Inc. is engaged in the importing, marketing, distributing, and selling Instant Pot branded pressure cookers, including Model DOU60 V2.  After reasonable investigation and without further confirmation, defendant is without knowledge or information sufficient to form a belief as to the allegations relating to the specific product at issue in this civil action.  To the extent inconsistent with the above, the remaining allegations in this paragraph are denied.

17.     Admitted in part and denied in part.  Instant Brands Inc. is engaged in the importing, marketing, distributing, and selling Instant Pot branded pressure cookers, including Model DOU60 V2.  After reasonable investigation and without further confirmation, defendant is without knowledge or information sufficient to form a belief as to the allegations relating to the specific product at issue in this civil action.  To the extent inconsistent with the above, the remaining allegations in this paragraph are denied.

18.     Admitted in part and denied in part.  Instant Brands Inc. is engaged in the importing, marketing, distributing, and selling Instant Pot branded pressure cookers, including Model DOU60 V2.  After reasonable investigation and without further confirmation, defendant is without knowledge or information sufficient to form a belief as to the allegations relating to the specific product at issue in this civil action.  To the extent inconsistent with the above, the remaining allegations in this paragraph are denied.

19.     Denied as a conclusion of law.

20.     Upon information and belief, it is admitted that Guangdong Midea Consumer Electric Manufacturing Co Ltd. has a place of business located at 19 Sanle Rd, Beijiao, Shunde

Foshan, Guangdong 528311 China.    After reasonable investigation, defendant is without information or belief to form a belief as the truth of the remaining allegations in this paragraph.

21.    After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

22.    Admitted upon information and belief.

23.    Denied as a conclusion of law.

24.    Upon information and belief, it is admitted that Amazon.com, Inc. is a citizen of Delaware and Washington.  After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

25.    After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

26.    Upon information and belief, it is admitted that Amazon.com, LLC is a citizen of Delaware and Washington.  After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

27.    Upon information and belief, it is admitted that Amazon.com, LLC is a citizen of Delaware and Washington.  After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

28.    After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

29.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

30.     Upon information and belief, it is admitted that Amazon Services LLC is a citizen of Delaware and Washington.  After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

31.     Upon information and belief, it is admitted that Amazon Services LLC is a citizen of Delaware and Washington.  After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

32.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

33.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

34.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

35.     Upon information and belief, it is admitted that Amazon.com Services, Inc. is a citizen of Delaware and Washington.   After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

36.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

37.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

38.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

## JURISDICTION AND VENUE

39.     Denied.  Defendant denies that it purposefully directed its activities to any retailers or consumers located in Colorado.

40.     Denied.  Defendant denies that it purposefully directed its activities to any retailers or consumers located in Colorado.

41.     Denied.  Defendant denies that it purposefully directed its activities to any retailers or consumers located in Colorado.

42.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

43.     Admitted in part and denied in part.  Defendant admits that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332 and 1441.  After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations related to the Amazon defendants set forth in this paragraph.  The remaining allegations in this paragraph as related to answering defendant are denied.

44.     Admitted in part and denied in part.  Defendant admits that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332 and 1441.  After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations related to the Amazon defendants set forth in this paragraph.  The remaining allegations in this paragraph as related to answering defendant are denied.

45.     Denied as a conclusion of law.

46.     Denied.

## **FACTUAL ALLEGATIONS**

47.     Instant Brands Inc. is engaged in the importing, marketing, distributing, and selling of Instant Pot branded pressure cookers, including Model DOU60 V2.   After reasonable investigation and without further confirmation, defendant is without knowledge or information sufficient to form a belief as to the allegations relating to the specific product at issue in this civil action.   To the extent inconsistent with the above, the remaining allegations in this paragraph are denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

55.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

56.     Admitted in part and denied in part.  Instant Brands Inc. is engaged in the importing, marketing, distributing, and selling Instant Pot branded pressure cookers, including Model DOU60 V2.   After reasonable investigation and without further confirmation, defendant is without knowledge or information sufficient to form a belief as to the allegations relating to the specific product at issue in this civil action.   To the extent inconsistent with the above, the remaining allegations in this paragraph are denied.

57.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

58.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

59.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

60.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

61.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

62.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

63.     Admitted in part and denied in part.  Instant Brands Inc. is engaged in the importing, marketing, distributing, and selling Instant Pot branded pressure cookers, including Model DOU60 V2.  After reasonable investigation and without further confirmation, defendant is without knowledge or information sufficient to form a belief as to the allegations relating to the specific product at issue in this civil action.  To the extent inconsistent with the above, the remaining allegations in this paragraph are denied.

64.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

65.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

66.    After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

67.    After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

68.    After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

69.    After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

70.    After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

71.    After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph relating to any injuries sustained.  The remaining allegations in this paragraph are denied.

## <u>ALLEGATIONS OF DEFECTIVE PRODUCT</u>

72.    Denied as stated.  Defendant did not design or manufacture the Instant Pot branded pressure cooker.  By way of further response, the product is reasonably safe, is UL listed, and was designed, manufactured and tested in accordance with all industry, consensus, and regulatory standards.

73.    Denied as stated.  Defendant did not design or manufacture the Instant Pot branded pressure cooker.  By way of further response, the product is reasonably safe, is UL listed, and was designed, manufactured and tested in accordance with all industry, consensus, and regulatory standards.

74.    Denied.

75.     Denied.

76.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

77.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

78.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

79.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

80.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

81.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

82.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

83.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

84.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

85.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

86.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

87.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

88.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

89.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

90.     Defendant states that its marketing and promotional materials speak for themselves and denies all remaining allegations of this paragraph.

91.     Defendant states that the User Manual speaks for itself and denies all remaining allegations of this paragraph.

92.     Denied as stated.  Defendant did not design or manufacture the Instant Pot branded pressure cooker.  By way of further response, the product is reasonably safe, is UL listed, and was designed, manufactured and tested in accordance with all industry, consensus, and regulatory standards.

93.     Denied as stated.  Defendant did not design or manufacture the Instant Pot branded pressure cooker.  By way of further response, the product is reasonably safe, is UL listed, and was designed, manufactured and tested in accordance with all industry, consensus, and regulatory standards.

94.     Defendant denies the allegations set forth in paragraph 94 and all of its subparts.

95.     Denied.

96.     Denied.

97.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations related to the Amazon defendants set

forth in this paragraph.  The remaining allegations in this paragraph as related to answering defendant are denied.

98.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations related to the Amazon defendants set forth in this paragraph.  The remaining allegations in this paragraph as related to answering defendant are denied.

99.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations related to the Amazon defendants set forth in this paragraph.  The remaining allegations in this paragraph as related to answering defendant are denied.

100.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations related to the Amazon defendants set forth in this paragraph.  The remaining allegations in this paragraph as related to answering defendant are denied.

101.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations related to the Amazon defendants set forth in this paragraph.  The remaining allegations in this paragraph as related to answering defendant are denied.

102.     After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations related to the Amazon defendants set forth in this paragraph.  The remaining allegations in this paragraph as related to answering defendant are denied.

## ACCRUAL OF THIS CAUSE OF ACTION

103.   After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

104.   After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

105.   After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

106.   Denied as a conclusion of law.

## PLAINTIFFS' INJURIES AND DAMAGES

107.   Defendant denies the allegations set forth in paragraph 107 and all of its subparts.

108.   Denied.

## CAUSES OF ACTION

### COUNT I
### STRICT PRODUCT LIABILITY
### Colorado Product Liability Act, C.R.S. § 13-21-401, *et seq.*

109.   Defendant incorporates by reference each proceeding and succeeding paragraph of its Answer as if fully set forth herein.

110.   Denied as a conclusion of law.

111.   Denied as a conclusion of law.

112.   Denied as a conclusion of law.

113.   Denied as a conclusion of law.

114.   Denied as a conclusion of law.

115.   Denied as a conclusion of law.

116.   Denied as a conclusion of law.

117.   Denied as a conclusion of law.

118.   Answering defendant denies the allegations set forth in paragraph 118 and all of its subparts.

119.   Defendant denies the allegations set forth in paragraph 119 and all of its subparts.

120.   After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

121.   Denied.

122.   Denied as a conclusion of law.

123.   After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

124.   Denied.

## COUNT II
## NEGLIGENCE

125.   Defendant incorporates by reference each proceeding and succeeding paragraph of its answer as if fully set forth herein.

126.   Denied.

127.   Defendant denies the allegations set forth in paragraph 127 and all of its subparts.

128.   Denied.

129.   Denied as a conclusion of law.

130.   Denied.

## COUNT III
## VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT
## C.R.S. § 6-1-101, *et seq.*

131.   Defendant incorporates by reference each proceeding and succeeding paragraph of its Answer as if fully set forth herein.

132.    Denied.

133.    Denied.

134.    Denied as a conclusion of law.

135.    Denied.

## COUNT IV
## BREACH OF IMPLIED WARRANTY

136.    Defendant incorporates by reference each proceeding and succeeding paragraph of its Answer as if fully set forth herein.

137.    Denied as a conclusion of law.

138.    After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

139.    Denied.

140.    Denied as a conclusion of law.

141.    Denied.

## COUNT V
## BREACH OF EXPRESS WARRANTY

142.    Defendant incorporates by reference each proceeding and succeeding paragraph of its Answer as if fully set forth herein.

143.    Denied as a conclusion of law.

144.    Denied.

145.    Denied as a conclusion of law.

146.    Denied.

## COUNT VI
## WANTON AND RECKLESS CONDUCT

147.     Defendant incorporates by reference each proceeding and succeeding paragraph of its Answer as if fully set forth herein.

148.     Defendant denies the allegations set forth in paragraph 148 and all of its subparts.

149.     Denied.

150.     Denied.

151.     Denied as a conclusion of law.

## DAMAGES FOR ALL CAUSES OF ACTION

152.     Defendant incorporates by reference each proceeding and succeeding paragraph of its Answer as if fully set forth herein.

153.     Defendant denies the allegations set forth in paragraph 153 and all of its subparts.

WHEREFORE, Defendant denies that it is liable to any party in any sum or sums and demands judgment in its favor.

## FIRST DEFENSE

Defendant Instant Brands Inc. having fully answered to each and every allegation in plaintiffs' Second Amended Complaint, respectfully requests that this Court dismiss plaintiffs' claims in their entirety, award Defendant all costs and expenses incurred herein, and award such other and further relief, at law or in equity, as this Court deems just and proper.

## SECOND DEFENSE

Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims are barred and/or limited by the doctrines of comparative and contributory negligence and comparative fault.

### FOURTH DEFENSE

Plaintiffs' claims are barred and/or limited by the doctrine of assumption of the risk.

### FIFTH DEFENSE

Plaintiffs' claims are barred and/or limited by plaintiffs' unintended and/or unforeseen use of the product.

### SIXTH DEFENSE

Plaintiffs' claims are barred and/or limited by use of the product by unintended and/or unforeseen users.

### SEVENTH DEFENSE

Plaintiffs failed to follow the written instructions and warnings provided with the product.

### EIGHTH DEFENSE

Plaintiffs' claims are barred or limited under the doctrines of product misuse and/or abuse of product.

### NINTH DEFENSE

Plaintiffs' claims are barred and/or limited under the doctrine of failure to mitigate damages.

### TENTH DEFENSE

Plaintiffs' claims are barred and/or limited because the product reflected the current state of the art at the time it left defendant's control and complied with all industry, consensus, and regulatory standards.

**ELEVENTH DEFENSE**

Defendant is not a manufacturer of the product.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred and/or limited by the doctrine of spoliation of evidence.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred and/or limited by the statute of limitations.

**FOURTEENTH DEFENSE**

Under C.R.S. 13-21-403, there are presumptions that the product in this case was not defective.

**FIFTEENTH DEFENSE**

Defendant incorporates all defenses available to it under applicable Colorado law.

**SIXTEENTH DEFENSE**

Defendant reserves the right to assert additional affirmative defenses which the facts and discovery might disclose.

WHEREFORE, Defendant denies that it is liable to any party in any sum or sums and demand judgment in its favor.

**JURY DEMAND**

Defendant demands a trial by jury pursuant to F.R.C.P. 38.

Respectfully submitted this 8th day of April, 2019.


WARD GREENBERG HELLER & REIDY LLP


By: */s/Dennis R. Callahan*
     Dennis R. Callahan
     1835 Market Street, Suite 650
     Philadelphia, Pennsylvania 19103
     Telephone: (215) 836-1100
     Facsimile: (215) 836-2845
     Email: dcallahan@wardgreenberg.com

     *Attorney for Defendant Instant Brands Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2019, a true and correct copy of the foregoing Defendant Instant Brands Inc.'s Answer to Plaintiffs' (Corrected) Second Amended Complaint was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

George E. McLaughlin
Thomas R. Leemon
Warshauer McLaughlin Law Group, P.C.
1890 Gaylord Street
Denver, CO 80206

*/s/Dennis R. Callahan*
Dennis R. Callahan