### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MATTHEW COOPER, MARY COOPER, and MATTHEW COOPER and MARY COOPER, jointly, as the Guardians and Next Friends of CAROLINE COOPER, a minor,<br><br>Plaintiffs.<br><br>v.<br><br>INSTANT BRANDS INC., a Canadian Corporation, d/b/a Instant Pot Company<br>DOUBLE INSIGHT, INC., a Canadian Corporation, d/b/a Instant Pot Company.<br><br>Defendants. | CIVIL ACTION<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT INSTANT BRANDS INC.'S
### INITIAL DISCLOSURES

### PRELIMINARY STATEMENT

Defendant's investigation and discovery into Plaintiff's allegations are in the preliminary stages. Nonetheless, in accordance with Rule 26(a)(1), Instant Brands Inc. ("Instant Brands") makes these Initial Disclosures based on information available to it at this time. Further, discovery and investigation in this case may dictate the need to identify additional individuals and/or documents or to amend the discoverable information a witness may or may not have

### RULE 26 INITIAL DISCLOSURE

Instant Brands through undersigned counsel, submits the following Disclosures as required by Federal Rule of Civil Procedure 26(a)(1):

1. **The name, and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information. Fed. R. Civ. P. 26(a)(1)(A)(i).**

a. Dr. Yi Qin, Vice President of Product Management.

b. Representatives of Instant Brands Inc. familiar with the subject unit. Investigation is continuing.

c. Representatives of the manufacturer of the subject unit with knowledge of the design, manufacturing, and testing of the subject unit. Investigation is continuing.

d. Plaintiffs' and plaintiffs' family. Among other factual issues, plaintiffs and their family may have discoverable information relating to the purchase of the subject product, the use of the product, and plaintiffs' alleged injuries.

e. Plaintiff's medical providers. Among other factual issues, plaintiffs' medical providers may have discoverable information regarding her injuries, diagnosis, prognosis, medical treatment, medical billing, and other matters related to claimed injures.

f. Expert witnesses to be disclosed per the Court's expert disclosure order.

g. Individuals identified in the documents produced in this lawsuit and in Plaintiff's Initial Disclosures or any supplementations thereof.

h. Any witness that any other party may or will call that may be disclosed in Initial Disclosures or discovery, or any supplementations thereof.

2. **A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment. Fed. R. Civ. P. 26(a)(1)(A)(ii).**

Discovery is in its early stages and Instant Brands does not have sufficient information at his point in time to fully respond, and accordingly, reserves the right to amend this response as

discovery progresses. Instant Brands nevertheless anticipates the following may be used in the manner the rule addresses.

    a.    Documents relating to the design, manufacture, testing, and quality control of the subject unit.

    b.    Documents relating to the UL testing of the subject unit.

    c.    Documents and packaging provided with the subject unit, including the User Manual.

    d.    Exemplar of the subject unit.

    e.    Expert reports and documents to be produced pursuant to the Court's Case Management Order.

    f.    Statements of any fact witnesses, if any.

    g.    Medical records and reports relating to treatment of plaintiff.

    h.    Pleadings, discovery requests and responses and attachments obtained during present civil action.

**3.**    **The computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered. Fed. R. Civ. P. 26(a)(I)(A)(iii).**

Instant Brands is not seeking damages.

**4.**    **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment, Fed. R. Civ. P. 26(a)(1)(A)(iv).**

Instant Brands is being defended pursuant to an indemnity agreement with the manufacturer.

3

Instant Brands Inc. makes the foregoing disclosures based upon the information currently available to it and expressly reserves the right to amend or supplement these responses if, as, or when additional information or documentation is obtained.

                                  WARD GREENBERG HELLER & REIDY LLP

                                  By:   /s/Dennis R. Callahan
                                          Dennis R. Callahan
                                          1835 Market Street, Suite 650
                                          Philadelphia, Pennsylvania 19103
                                          Telephone:  (215) 836-1100
                                          Facsimile:  (215) 836-2845
                                          dcallahan@wardgreenberg.com

                                Instant Brands Inc.

Dated:  November 28, 2018