# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MATTHEW COOPER, MARY COOPER, and MATTHEW COOPER and MARY COOPER, jointly, as the Guardians and Next Friends of CAROLINE COOPER, a minor, | : : : : : : |
| Plaintiffs. | : CIVIL ACTION : |
| v. | : JURY TRIAL DEMANDED : : No. 18-cv-02611-MSK-STV |
| INSTANT BRANDS INC., a Canadian Corporation, d/b/a Instant Pot Company DOUBLE INSIGHT, INC., a Canadian Corporation, d/b/a Instant Pot Company. | : : : : : |
| Defendants. | : : |

## DEFENDANT INSTANT BRANDS, INC.'S RESPONSES TO PLAINTIFFS' WRITTEN DISCOVERY REQUESTS-SET NO. 1

## GENERAL RESPONSES

1.  Instant Brands, Inc. (f/k/a Double Insight, Inc.) ("Instant Brands") has not concluded its investigation of the facts relating to this case or completed formal discovery, expert reports that may be filed, or preparation for trial. The following responses are based only on information and documents presently known or available to Instant Brands. Defendant reserves the right to amend, supplement and/or modify these responses in the event that any facts, documents or other evidence may be subsequently discovered.

2.  The facts and evidence now known by Instant Brands may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood, and, accordingly, such facts and evidence may, in good faith, not be included or reflected in the following responses. These responses are made without prejudice to Instant Brands' right to

supplement or amend these responses in the event that any information previously available to Instant Brands may have been omitted by oversight, inadvertence, or good faith error or mistake. Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

3. Instant Brands' responses are made solely for purposes of this action, and not for purposes of any other action.

## GENERAL OBJECTIONS

In addition to the specific objections separately set forth in response to each Request, Instant Brands' responses are subject as a whole to the following general objections, which are incorporated into each response and objection, whether or not specifically referred to therein. Instant Brands generally objects to these Requests to the extent they seek confidential or proprietary business information or to the extent they seek confidential patent information in violation of statutory, regulatory, and common law privacy rights. Instant Brands will produce relevant, non-privileged, and, where applicable, properly-redacted documents upon entry of an appropriate protective order. Pursuant to the terms of the Agreed Protective Order submitted to the Court for approval, Instant Brands reserves the right to mark its discovery "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to be used solely for the purpose of conducting this Action. Said confidential information shall not be disclosed to unauthorized persons or entities, unless the disclosure is appropriate under the Protective Order and the recipients have executed an Agreement of Confidentiality as set forth by the Protective Order.

1. Instant Brands generally objects to these Requests to the extent that they seek material protected by the attorney-client privilege and/or the attorney work product doctrine. To the extent Instant Brands produces documents or information, the inadvertent production of

any document or disclosure of any information subject to such privileges and/or protections is not intended to relinquish any privilege and/or protection and shall not be deemed to constitute a waiver of any applicable privilege and/or protection. By responding to these Requests, Instant Brands does not waive any protections or privileges, but rather relies specifically upon them.

2. Instant Brands generally objects to these Requests to the extent they seek information regarding pressure cookers other than the IP-DUO60 V2 model pressure cooker, which is the only model at issue in this case. Instant Brands' responses will therefore be directed solely to the IP-DUO60 V2 model pressure cooker.

3. Instant Brands objects to these Requests to the extent that they are not reasonably limited in time or scope, to the extent that they are overly broad, unduly burdensome and seek information that is neither relevant to this action nor relevant to any party's claim or defense, and to the extent they are not proportional to the needs of the case, and the burden or expense of the proposed discovery outweighs its likely benefit.

## REQUESTS FOR PRODUCTION

1. Produce a copy of all of the documents and things identified by this defendant in section 2, paragraphs a., b. and d., of its Rule 26 Initial Disclosure, "Documents relating to the design, manufacture, testing, and quality control of the subject unit."; "Documents relating to the UL testing of the subject unit."; and an "Exemplar of the subject unit."

> **RESPONSE: Documents relating to UL testing and certification in the possession of Instant Brands are produced. Additional documents relating to UL testing and certification may be in the possession of the manufacturer or a third-party testing entity. Instant Brands did not design or manufacture the IP-DUO60 V2 product and is not presently in possession of any documents relating to the design,**

3

manufacture, testing, and quality control of the subject unit, other than those produced in response to this request and marked CONFIDENTIAL. It is believed that additional documents relating to the design and testing of the IP-DUO60 V2 may be in the possession of the manufacturer; investigation is ongoing. At the present, Instant Brands is not in possession of an exemplar IP-DUO60 V2 unit.

2. Produce a copy of all design and manufacturing specifications and drawings for the Instant Pot® Programmable Electric Pressure Cooker, Model IP-DUO60 V2, that is in issue in this civil action, including, but not limited to, the design and manufacturing specifications and drawings for each of the following components of the product:

a. Safety Lid Lock – When cooker is pressurized, the lid will automatically lock to prevent opening the cooker;

b. Lid Position Detection – If the lid is not in a safe position for pressure cooking, the cooker will not allow cooking to begin;

c. Lid Position Detection – If the lid is not in a safe position for pressure cooking, the cooker will not allow cooking to begin; and,

d. Lid Position Detection – If the lid is not in a safe position for pressure cooking, the cooker will not allow cooking to begin.

**RESPONSE: Instant Brands did not design or manufacture the IP-DUO60 V2 product and is not presently in possession of any documents relating to the design, manufacture, testing, and quality control of the subject unit other than those produced in response to request 1 above. It is believed that additional documents relating to the design of the IP-DUO60 V2 may be in the possession of the manufacturer; investigation is ongoing.**

3. Produce a copy of all marketing materials, publications, and web pages applicable for the defendant's Instant Pot® products that were published or available to the public in the year 2016 and contain any information or claims related to the safety features of these products.

**RESPONSE: Instant Brands objects to this Request on the grounds that it is overly broad, unduly burdensome and not proportional to the needs of this case. Instant Brands also objects to the phrase "marketing materials and publications" as undefined, vague and ambiguous. Instant Brands further objects to this Request to the extent it seeks documents relating to pressure cookers other than the Model IP-DUO60 V2 at issue in this case. Without waiving these objections, Instant Brands produces the packaging graphics for the IP-DUO60 V2 in use in 2016; the User Manuals, User Manual Insert, Warranty Card, Quick Reference Guide and Recipe Booklet available in 2016; and the 2016 Instant Brands website.**

4. Produce the contract or agreement pursuant to which defendant Guangdong Midea Consumer Electric MFG. CO. LTD. was manufacturing Instant Pot® Programmable Electric Pressure Cooker, Model IP-DUO60 V2, for defendant Instant Brands.

**RESPONSE: Instant Brands objects to this Request as overly broad, unduly burdensome, not limited in time and/or scope. Instant Brands further objects to this Request to the extent it seeks proprietary, corporate, or otherwise confidential information. Subject to and without waiving its objections, see Product Supply Agreement, marked CONFIDENTIAL.**

5. Produce a copy of the patent for each of the "patented technologies" that the defendant claims are applicable to the Instant Pot® Programmable Electric Pressure Cooker,

5

Model IP-DUO60 V2, that is in issue in this civil action.

**RESPONSE: Instant Brands does not own any patents relating to the IP-DUO60 V2, and is not in possession of any documents responsive to this request.**

6. For each notice or communication you have received from consumers, retailers, or a governmental agency such as the Health Canada, the U.S. Consumer Product Safety Commission, and the like, reporting that an Instant Pot® product allegedly was able to be opened while the contents were under pressure, produce a copy of all communications and documents related to that reported claim or incident, including all internal and external communications related to that claim or incident, including but not limited to your claim file for that incident.

**RESPONSE: Instant Brands objects to this Request as overly broad and unduly burdensome, in that it seeks information relating to products other than the Model IP-DUO60 V2 at issue in this litigation, seeks information relating to time periods not at issue in this litigation, and seeking information regarding incidents that are not substantially similar to the incident described in plaintiffs' Amended Complaint. Further, this Request would require the disclosure of personal information of those communicating with Instant Brands. Without waiving these objections, see document produced, which constitute all documents in the possession of Instant Brands relating to incidents occurring prior to September 27, 2017 reporting that an IP-DUO 60 V2 allegedly was able to be opened while the contents were under pressure. Reports provided to Health Canada are marked CONFIDENTIAL.**

6

## INTERROGATORIES

1. Identify the designer(s) of Instant Pot® Programmable Electric Pressure Cooker, Model IP-DUO60 V2, that is in issue in this civil action.

**RESPONSE: The Model IP-DUO60 V2 was designed and manufactured by Guangdong Midea Consumer Electric Mfg. Co., Ltd.**

2. Identify, by providing the complete style of the case, including the court, party names, and the action number, each and every civil action filed in any court in any country where it was alleged that an Instant Pot® product allegedly was able to be opened while the contents were under pressure, causing injury to any person or property.

**RESPONSE: Instant Brands objects to this Request as overly broad and unduly burdensome, in that it seeks information relating to products other than the Model IP-DUO60 V2 at issue in this litigation, seeks information relating to time periods not at issue in this litigation, and seeking information regarding incidents that are not substantially similar to the incident described in plaintiffs' Amended Complaint. Without waiving these objections, Silin v. Instant Brands, Inc., U.S.D.C. N.D. California, 18-cv-00781. Instant Brands is not and has never been a party to any other litigation in the United States or Canada relating to any pressure cooker.**

3. Identify the person(s) who authorized or approved the language and verbiage used for each claim or representation related to the performance characteristics and safety related features of the Instant Pot® Programmable Electric Pressure Cooker, Model IP-DUO60 V2, that appear on the box for the Model IP-DUO60 V2, in the User Manual for the Model IP-DUO60

7

V2, and in any Marketing materials that are generally applicable for any Instant Pot® product.

**RESPONSE: Instant Brands objects to this Request as overly broad, unduly burdensome and not proportional to the needs of this case, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, although others may have assisted, Dr. Yi Qin, Vice President of Product Management, Instant Brands Inc., was primarily involved in the approval of the product literature and marketing materials relating to the IP-DUO60 V2.**

## REQUESTS FOR ADMISSIONS

1. The Instant Pot® Programmable Electric Pressure Cooker, Model IP-DUO60 V2, that is the subject of this civil action, was manufactured for defendant Instant Brands Inc. by Guangdong Midea Consumer Electric MFG. CO. LTD.

**RESPONSE: Denied as stated. The Model DUPO60 V2 was manufactured by Guangdong Midea Consumer Electric Mfg. Co. Ltd. and sold to Instant Brands.**

2. Guangdong Midea Consumer Electric MFG. CO. LTD. is not subject to the jurisdiction of the United States District Court for the District of Colorado, or any other court in the State of Colorado.

**RESPONSE: Denied. After reasonable investigation, Instant Brands is without knowledge or information sufficient to form a belief as to the truth of this statement.**

3. The intent of the design of the Instant Pot® Programmable Electric Pressure Cooker, Model IP-DUO60 V2, is that if the lid is not in a safe position for pressure cooking, the cooker will not allow cooking to begin.

**RESPONSE: Admitted. By way of further response, the unit will heat for non-pressure cooking functions (e.g. Sauté, Keep Warm, Slow Cook) without the lid in place.**

4. The intent of the design of the Instant Pot® Programmable Electric Pressure Cooker, Model IP-DUO60 V2, is that when cooker is pressurized, the lid will automatically lock to prevent opening the cooker.

**RESPONSE: Admitted.**

5. The intent of the design of the Instant Pot® Programmable Electric Pressure Cooker, Model IP-DUO60 V2, is that if there is steam leakage from the lid (such as, sealing ring not installed, or steam release handle being in "Venting" and not "Sealing" position) the cooker will not pressurize.

**RESPONSE: Instant Brand objects to this Request in that it is vague, ambiguous, and seeks information unrelated to the allegations in plaintiff's Amended Complaint. Without waiving these objections, Instant Brands admits that the IP-DUO60 V2 will not pressurize if sufficient steam is leaking from the unit.**

6. The Instant Pot® Programmable Electric Pressure Cooker, Model IP-DUO60 V2, that is the subject of this civil action, was not manufactured in conformance with its intended design specifications.

**RESPONSE: Denied.**

            WARD GREENBERG HELLER & REIDY LLP

            By:  */s/Dennis R. Callahan*
                Dennis R. Callahan
                1835 Market Street, Suite 650
                Philadelphia, Pennsylvania 19103
                Telephone: (215) 836-1100
                Facsimile: (215) 836-2845
                dcallahan@wardgreenberg.com

            *Attorney for Defendant Instant Brands, Inc.*

Dated: January 25, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2019 I served a true and correct copy of the foregoing Defendant Instant Brands, Inc.'s Responses to Plaintiffs' Written Discovery Requests – Set No. 1 via electronic mail and first class mail, postage prepaid, upon the following:

George E. McLaughlin
Thomas R. Leemon
Warshauer McLaughlin Law Group, P.C.
1890 Gaylord Street
Denver, CO 80206

Date: January 25, 2019              */s/Dennis R. Callahan*
                                    Dennis R. Callahan