# McLAUGHLIN LAW FIRM, P.C.

### ATTORNEYS AT LAW

**GEORGE E. MCLAUGHLIN** *
**THOMAS R. LEEMON** †

* Also admitted in Ohio and West Virginia
† Also admitted in Wisconsin

1890 GAYLORD STREET
DENVER, COLORADO 80206-1211
(720) 420-9800
FAX: (303) 322-3423

February 25, 2019

Mark R. Davis
Jachimiak Peterson, LLC
1819 Denver West Drive, Suite 265
Golden, CO 80401

Dennis R. Callahan
Ward Greenberg Heller Reidy, LLP
1835 Market Street, Suite 650
Philadelphia, PA 19103

      Re:    *Cooper v. Instant Brands Inc., et al.*
               U.S.D.C. Colorado
               Case No. 1:18-cv-02611-MSK-STV

Counsel:

    I am writing to meet and confer on what we contend are deficiencies in Instant Brands' Initial Rule 26(a)(1) Disclosures and its Responses and Answers to the Plaintiffs' Written Discovery Requests – Set No. 1, which included Requests for Production, Interrogatories, and Requests for Admissions.

**Rule 26(a)(1) Disclosures**:

**Rule 26(a)(1)(A)** Requires the disclosure of:

> The name, and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information. Fed. R. Civ. P. 26(a)(1)(A)(i).

In the defendant's Disclosure the following is stated:

    a. Dr. Yi Qin, Vice President of Product Management.

    b. Representatives of Instant Brands Inc. familiar with the subject unit. Investigation is continuing.

Mr. Davis, Mr. Callahan
February 25, 2019
Page 2

      c. Representatives of the manufacturer of the subject unit with knowledge of the design, manufacturing, and testing of the subject unit. Investigation is continuing.

No address was provided for Dr. Yi Qin. No "Representatives of Instant Brands" are identified by name, and no addresses where provided as to where they may be located. No "Representatives of the manufacturer" are identified by name, and no addresses where they may be located were provided.

It is now more than six months since this litigation was commenced. It is now almost three months since the Initial Disclosures were served. Instant Brands was a party defendant to an earlier filed federal court civil action for the same model product in 2018. We contend that this disclosure, and the generic identification of individuals likely to have discoverable information that Instant Brands may use to support its defenses, is inadequate.

This deficiency was not remedied by the defendant's answers and responses to the plaintiffs' written discovery. The detail required in a Rule 26(a)(1)(A) disclosure was not provided in response to the plaintiffs' written discovery. Please advise if you will fully comply with the Rule 26(a)(1)(A) disclosure obligation, and if so, when we may expect to receive the information.

**Rule 26(a)(1)(B)** Requires the disclosure of:

A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment. Fed. R. Civ. P. 26(a)(1)(A)(ii).

In the defendant's disclosure the following is stated:

Discovery is in its early stages and Instant Brands does not have sufficient information at this point in time to fully respond, and accordingly, reserves the right to amend this response as discovery progresses. Instant Brands nevertheless anticipates the following may be used in the manner the rule addresses.

      a. Documents relating to the design, manufacture, testing, and quality control of the subject unit.

      b. Documents relating to the UL testing of the subject unit.

      c. Documents and packaging provided with the subject unit, including the User Manual.

      d. Exemplar of the subject unit.

This Rule 26(a)(1)(B) disclosure has not been amended or supplemented. These documents, and an exemplar of the subject unit, were disclosed by Instant Brands as things that are in its possession, custody, or

Mr. Davis, Mr. Callahan
February 25, 2019
Page 3

control and that it may use to support its claims or defenses. Claiming that Instant Brands does not have these documents, or an exemplar, is inconsistent with the Rule 26(a)(1)(B) disclosure that was served by it. The things disclosed by Instant Brands as things that are in its possession, custody, or control, and that it may use to support its claims or defenses, were requested to be produced, and have not been produced.

This deficiency was not remedied by the defendant's responses to the plaintiffs' written discovery. Plaintiffs' Requests for Production asked for the production of the documents and things identified in the Rule 26(a)(1) Disclosures. As discussed below, that information was not produced. Please advise if you will fully comply with the Rule 26(a)(1)(B) disclosure obligation, and if so, when we may expect to receive those documents and things.

**Rule 26(a)(1)(D)** Requires the disclosure of:

> For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment, Fed. R. Civ. P. 26(a)(1)(A)(iv).

In the defendant's Initial Disclosures, the following is stated: "Instant Brands is being defended pursuant to an indemnity agreement with the manufacturer." While that information is appreciated, this is not the information required to be disclosed pursuant to Rule 26(a)(1)(D).

This deficiency was not remedied by the defendant's responses to the plaintiffs' written discovery requests. The fact that Instant Brands has a contract with a Chinese manufacturer that required the manufacturer to have liability insurance that covered Instant Brands, is not a disclosure that complies with the Rule 26(a)(1)(D) disclosure obligation. We require compliance with the Rule, and the production of a copy of the insurance agreement for our inspection and copying.

<u>**Written Discovery Requests**</u>:

**Objections**. There are general objections that cover one or more discovery requests, some of which are repeated in form or in substance in response to individual requests or interrogatories. I will address those here, and not repeat our position on those objections in addressing each discovery response that is in dispute.

<u>**Attorney-client privilege** and/or the **attorney work product** doctrine</u>.

These objections have been asserted as general objections. However, in response to none of the Requests for Production, nor in answer to any of the Interrogatories, has Instant Brands generally identified information or documents that are being withheld pursuant to either objection. If there is information or there are documents being withheld pursuant to these objections, please generally identify the information or documents so that we may specifically address the propriety of these claims of attorney-client privilege, and attorney work product. Please provide a privilege log of the documents being withheld. However, if there is no information, and there are no documents, being withheld pursuant to either attorney-client privilege, or attorney work product, please withdraw these objections.

Mr. Davis, Mr. Callahan
February 25, 2019
Page 4

### Objection to information regarding **pressure cookers other than the IP-DUO60 V2**.

Several of plaintiffs' discovery requests were not limited to this particular model of the Instant Pot®, the IP-DUO60 V2. To the extent that Instant Brands has other pressure cookers that are called an "Instant Pot®", where a discovery request was not limited specifically to the model IP-DUO60 V2, we contend that we are entitled to discovery of that information. [See Requests for Production 3, and 6, and Interrogatory 2.]

The marketing materials for the Instant Pot® are not limited to only the model IP-DUO60 V2 pressure cooker. From the historic marketing materials that we have seen on the internet, it appears that the claims related to the safety features of the "Instant Pot®" are not limited to just the model IP-DUO60 V2. In fact, *some* of the documents that were produced here in discovery on the face of those documents show that they are applicable to models in addition to the IP-DUO60 V2. The User Manual, produced in discovery here, on its face indicates that it is for at least seven different models of the "Instant Pot®". Apparently, the design, claims, and features, are the same across many models of the products that are identified as an "Instant Pot®" by the defendant.

To the extent that these products have similar claims of safety, most probably have similar features in their design, manufacture, and components, and have allegedly failed in a similar manner, these discovery requests were specifically not limited to the model IP-DUO60 V2 pressure cooker. Information about substantially similar "Instant Pot®" products, with substantially similar design features, and substantially similar claims of safety, are discoverable. Information about other products distributed by Instant Brands, that allegedly have malfunctioned in that they were able to be opened while the contents were still under pressure, is discoverable for the purposes of both notice as well as proving defect in design and manufacture.

Please advise if you will withdraw this objection and fully respond to these discovery requests, not limiting your answers and responses to the model IP-DUO60 V2 pressure cooker, but will respond for all products that are called an "Instant Pot®" by defendant Instant Brands.

### Objection or response that **Instant Brands did not design or manufacture the product** in issue.

The Product Supply Agreement, produced in discovery, identifies the "Purchaser" as "Double Insight Inc." I trust we have no dispute that "Double Insight Inc." is "Instant Brands". Please inform me immediately if I am incorrect, and that issue is in dispute.

The Product Supply Agreement includes the following provisions:

> Supplier agrees not to change its production technology, materials used or supplier that may affect the quality of Products without Purchaser's prior written approval.

> Supplier shall meet all *Specifications of Purchaser in design and manufacturing* of Product(s). . . . [emphasis added]

Mr. Davis, Mr. Callahan
February 25, 2019
Page 5

> *Upon the provision of design and specification of tooling by Purchaser*, Supplier has the obligation to manufacture the tooling of Product(s) for the account of Purchaser. [emphasis added]
>
> Purchaser is the owner of all specific tooling. . . .

To claim that Instant Brands is unable to respond to any particular Request for Production or Interrogatory because it is not the "manufacturer" is disingenuous. According to the Product Supply Agreement, Instant Brands provided specifications for design and manufacturing, provided design and specification tooling, has the right to approve changes, and is the owner of all tooling.

Please advise if you will fully respond to the discovery requests where the claim that Instant Brands was not the "manufacturer" was the basis for not providing a substantive response, and if so, when we may expect to receive that response.

**Responses to Requests for Production**:

> **Request 1**: Produce a copy of all of the documents and things identified by this defendant in section 2, paragraphs a., b. and d., of its Rule 26 Initial Disclosure, "Documents relating to the design, manufacture, testing, and quality control of the subject unit."; "Documents relating to the UL testing of the subject unit."; and an "Exemplar of the subject unit."

In Request 1 plaintiffs requested production of the documents and things identified by Instant Brands' in its Rule 26(a)(1) Initial Disclosure as "tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses." While delivery of the documents that were produced was appreciated, not all the documents Instant Brands identified in its Rule 26(a)(1) Disclosure were produced. Also, an exemplar was not produced. Some of the documents that were produced are not in a readable format or are corrupted files.

Three files produced in response to this discovery request, the files that are not in PDF format, are not able to be opened. These are identified as Instant Pot design requirement document 1.3, the Instant Pot problem report, and the Instant Pot design requirement document 1.7. We ask that these please be reproduced in a readable format.

All of these documents, and the exemplar, were disclosed by Instant Brands as things that are in its possession, custody, or control and that it may use to support its claims or defenses. Stating that other responsive documents *may* be in the possession of Underwriters Laboratories, or the manufacturer, is not a sufficient response to this request. To claim in this response that it does not have these documents, nor an exemplar, is inconsistent with Instant Brands having identified these documents and the exemplar as things that it possessed or controlled, and would use in support of its defenses.

To the extent Instant Brands has identified these documents, and an exemplar, as things that are in its possession, custody, or control and that it may use to support its claims or defenses we insist upon their production at this time.

Please advise if you will fully respond to this request, and if so, when we may expect to receive the information.

> **Request 2**: Produce a copy of all design and manufacturing specifications and drawings for the Instant Pot® Programmable Electric Pressure Cooker, Model IP-DUO60 V2, that is in issue in this civil action, including, but not limited to, the design and manufacturing specifications and drawings for each of the following components of the product:
>
> a. Safety Lid Lock – When cooker is pressurized, the lid will automatically lock to prevent opening the cooker;
>
> b. Lid Position Detection – If the lid is not in a safe position for pressure cooking, the cooker will not allow cooking to begin;
>
> c. Lid Position Detection – If the lid is not in a safe position for pressure cooking, the cooker will not allow cooking to begin; and,
>
> d. Lid Position Detection – If the lid is not in a safe position for pressure cooking, the cooker will not allow cooking to begin.

In response no documents were identified, and none were produced. For the reasons discussed above, the claim that Instant Brands did not design or manufacture the product is not acceptable. To claim that additional documents "may be in the possession of manufacturer" is an insufficient response.

Please advise if you will fully respond to this discovery request, and if so, when we may expect to receive that response.

> **Request 3**. Produce a copy of all marketing materials, publications, and web pages applicable for the defendant's Instant Pot® products that were published or available to the public in the year 2016 and contain any information or claims related to the safety features of these products.

The delivery of the materials that were produced is appreciated. However, there is an objection asserted claiming that the phrase "marketing materials and publications" is "undefined, vague, and ambiguous." Please use the definition of "marketing material" that is contained in the Product Supply Agreement that Instant Brands produced in discovery to resolve any question about the definition or meaning of that phrase. For the word "publication" [and its plural, "publications"], please use the definition of the noun "publication" that you may find in an English language dictionary. Applying those definitions, please fully respond to these requests, without the objection that the term "marketing materials and publications" is "undefined, vague and ambiguous."

Additionally, as discussed above, the objection that this request seeks information related to pressure cookers other than model at issue in this case is unacceptable.

Mr. Davis, Mr. Callahan
February 25, 2019
Page 7

Please advise if you will fully respond to this request, and if so, when we may expect to receive the information.

> **Request 6.** For each notice or communication you have received from consumers, retailers, or a governmental agency such as the Health Canada, U.S. Consumer Product Safety Commission, and the like, reporting that an Instant Pot® product allegedly was able to be opened while the contents were under pressure, produce a copy of all communications and documents related to that reported claim or incident, including all internal and external communications related to that claim or incident, including but not limited to your claim file for that incident.

We appreciate the documents that were delivered in response to this request. However, for the reasons discussed above, limiting the production to only the model IP-DUO60 V2 is not acceptable. Furthermore, limiting the production to incidents occurring prior to September 17, 2017 also is not acceptable. Incidents after that date are discoverable, and in fact may be admissible for the purpose of proving product defect.

Please advise if you will fully respond to this request, and if so, when we may expect to receive the information.

**Answers to Interrogatories**:

> **Interrogatory 2.** Identify, by providing the complete style of the case, including the court, party names, and the action number, each and every civil action filed in any court in any country where it was alleged that an Instant Pot® product allegedly was able to be opened while the contents were under pressure, causing injury to any person or property.

For the reasons discussed above, limiting the production to only civil actions filed related to the model IP-DUO60 V2 is not acceptable. Please advise if you will fully respond to this interrogatory, and if so, when we may expect to receive the information.

**Requests for Admissions**:

> **Request 2.** Guangdong Midea Consumer Electric MFG. CO. LTD. is not subject to the jurisdiction of the United States District Court for the District of Colorado, or any other court in the State of Colorado.
>
> **RESPONSE** [sic]: Denied. After reasonable investigation, Instant Brands is without knowledge or information sufficient to form a belief as to the truth of this statement.

We respect your right pursuant to Rule 36 to deny the request. However, we suspect that a call to Instant Brands' supplier's counsel may be all the "investigation" that it would have taken to be able to admit or deny this request. We request that your client reconsider its answer to this request, without qualification.

The effect of this denial is that plaintiffs now will need to jump through the hoops trying to serve the Amended Complaint on defendant Guangdong Midea Consumer Electric Mfg. Co. Ltd., to prove on the record

Mr. Davis, Mr. Callahan
February 25, 2019
Page 8

that it is not subject to the jurisdiction of the United States District Court for the District of Colorado, or any other court in the State of Colorado. As is our right under Rule 37(c)(2), if we later prove that matter true, we will move that Instant Brands pay the reasonable expenses, including attorney's fees, we incur in making that proof.

Because of the limited time we have to conduct discovery, and the need to move forward with depositions where documents and other information obtained in written discovery will be used, we request a response to this letter within 5 business days. We hope that your letter will narrow the issues of this discovery dispute that we will then need to take to the Court for resolution.

> Very truly yours,
>
> *George E. McLaughlin*
>
> George E. McLaughlin