IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MATTHEW COOPER, MARY COOPER, and MATTHEW COOPER and MARY COOPER, jointly, as the Guardians and Next Friends of CAROLINE COOPER, a minor, <br><br> *Plaintiffs,* <br><br> v. <br><br> INSTANT BRANDS INC., f/k/a DOUBLE INSIGHT, INC., d/b/a INSTANT POT COMPANY, GUANGDONG MIDEA CONSUMER ELECTRIC MANUFACTURING CO LTD., AMAZON.COM, INC., AMAZON.COM LLC, AMAZON SERVICES LLC, AMAZON SERVICES COLORADO LLC, and AMAZON.COM SERVICES, INC., <br><br> *Defendants.* | CIVIL ACTION <br><br> JURY TRIAL DEMANDED <br><br> No. 18-cv-02611-MSK-STV |

**DEFENDANT INSTANT BRANDS, INC.'S RESPONSES TO PLAINTIFFS' WRITTEN DISCOVERY REQUESTS-CORRECTED SET NO. 5**

INTERROGATORIES

20. Identify, including the name, address, telephone number, and email address, each and all persons known to Defendant Instant Brands who claim to have received a burn injury from any product called an "Instant Pot" where the burn is claimed to have been caused by the lid of the product opening while its contents were under pressure.

**ANSWER: Instant Brands objects to this Interrogatory as overly broad and unduly burdensome, in that it seeks information relating to products other than the Model**

**IP-DUO60 V2 at issue in this litigation, seeks information relating to time periods not at issue in this litigation, and seeking information regarding incidents that are not substantially similar to the incident described in plaintiffs' Amended Complaint. To the contrary, plaintiff explicitly seeks information relating to other incidents (lid opened while "contents were under pressure") that are fundamentally dissimilar from the allegations in plaintiffs' pleadings (lid was opened after the float valve dropped, steam stopped venting, and time passed,** *see* **(Corrected) Second Amended Complaint, paragraphs 68 – 70) that demonstrate there was no pressure within the unit when opened. Further, this Interrogatory seeks the personal information of non-parties with no relationship to the occurrence alleged in plaintiffs' Complaint. As such, the burden to Instant Brands and others is not proportional to plaintiffs' needs in this action. Without waiving these objections, see response to Request 6 (Written Discovery Requests – Set 1).**

WARD GREENBERG HELLER & REIDY LLP

By:   */s/Dennis R. Callahan*
     Dennis R. Callahan
     1835 Market Street, Suite 650
     Philadelphia, Pennsylvania 19103
     Telephone: (215) 836-1100
     Facsimile: (215) 836-2845
     dcallahan@wardgreenberg.com

*Attorney for Defendant Instant Brands, Inc.*

Dated: May 10, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2019 I served a true and correct copy of the foregoing Defendant Instant Brands, Inc.'s Responses to Plaintiffs' Written Discovery Requests – Corrected Set No. 5 via electronic mail and first class mail, postage prepaid, upon the following:

George E. McLaughlin
Thomas R. Leemon
Warshauer McLaughlin Law Group, P.C.
1890 Gaylord Street
Denver, CO 80206

Date: May 10, 2019                    /s/Dennis R. Callahan
                                      Dennis R. Callahan